IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION

FILED

February 9, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9804-CC-00173 |
| Appellee, | ) | |
| | ) | RUTHERFORD COUNTY |
| VS. | ) | |
| | ) | HON. JAMES K. CLAYTON, JR., |
| LA SOUTHAPHANH, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Assault) |

FOR THE APPELLANT:           FOR THE APPELLEE:


**GERALD L. MELTON**          **JOHN KNOX WALKUP**
District Public Defender      Attorney General & Reporter

**RUSSELL N. PERKINS**        **KIM R. HELPER**
Asst. District Public Defender   Asst. Attorney General
201 W. Main St., Suite 101         -and-
Murfreesboro, TN 37130       **ERIK W. DAAB**
                             Legal Assistant
                             John Sevier Bldg.
                             425 Fifth Ave., North
                             Nashville, TN  37243-0493

                             **WILLIAM WHITESELL**
                             District Attorney General

                             **JOHN W. PRICE**
                             Asst. District Attomey General
                             Judicial Bldg., Suite 303
                             Murfreesboro, TN 37130


OPINION FILED:_____



**AFFIRMED**



**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was charged by indictment with three counts of aggravated assault. At the close of the State's evidence at trial, the trial court granted the defendant's motion for verdict of acquittal as to two of the counts. On the third count, however, the defendant was convicted. Following a hearing, he was sentenced as a Range II multiple offender to nine years incarceration. He now appeals, arguing that the evidence is insufficient to sustain his conviction and that the imposed sentence is excessive. Finding no merit to these arguments, we affirm the trial court's judgment.

The evidence at trial showed that in the early morning hours of February 27, 1996, Jeff Walker was wakened as several shots were fired at his house in LaVergne. At the time, Mr. Walker's wife was feeding their infant child on the bed in which Mr. Walker was sleeping. Three of the shots struck the exterior of the house, but two shattered the bedroom window and entered the bedroom, one hitting the bed upon which the family was lying and the other hitting the far bedroom wall. Mr. Walker testified that the two bullets that entered the bedroom window caused them concern because they came within feet of hitting him, his wife, and their infant. Mr. Walker immediately called the police. One of Mr. Walker's neighbors testified that immediately after the gunshots were fired, he saw a small, white import vehicle without headlights driving away from the area and called the police, giving them a description of the vehicle he saw. According to testimony from a police detective who investigated the case, the Walker home faced the driver's side of the vehicle as it drove past the home.

Officer John Bell of the LaVergne Police Department testified that as he received a report of the shooting and a description of the vehicle by radio broadcast, he

2

passed a vehicle matching the description and initiated a stop. According to Officer Bell, the defendant was driving the vehicle, a small, white import car, and three other individuals were passengers in the car. Officer Bell stated that as the defendant opened the car door and stepped out of the car, approximately one-half dozen unfired .22 caliber bullets fell to the ground. Officer Bell testified he observed several other unfired .22 caliber bullets on the floorboard and the defendant's seat. The .22 caliber gun involved in the shooting was found on Somphong Sayvone, the frontseat passenger.

Sayvone testified that he owned the .22 caliber gun involved in the shooting and that he gave the gun to the defendant, who may have fired it. He also testified that because he was intoxicated at the time of the shooting, he did not remember whether he or the defendant shot at the Walker house. Phetphoutho Vongdaraxay, a backseat passenger in the car that evening, testified that the defendant fired shots at the Walker house and then Sayvone fired shots at another house down the street.

After the shooting, several .22 caliber shell casings were found in front of the Walker house. A firearms examiner for the Tennessee Bureau of Investigation testified that all of the casings recovered from the Walker house were fired from the .22 caliber gun found in the defendant's vehicle. Moreover, the results of a gunshot residue test administered to the defendant were positive, meaning that the defendant could have fired, handled, or been near a gun when fired. Vongdaraxay's gunshot residue test results were also positive, and Sayvone's test results were inconclusive.

Based on this evidence, the jury found the defendant guilty of aggravated assault. A sentencing hearing was held, after which the trial court sentenced the defendant as a Range II multiple offender to nine years incarceration.

3

The defendant first challenges his conviction, arguing that the evidence is insufficient to support his conviction because there was no independent corroboration of the accomplice testimony in this case that would actually place the gun in the defendant's hands at the time of the shooting. When a defendant challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn from the proof. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions concerning witnesses' credibility, the weight and value given to evidence, and all factual issues raised by the evidence are resolved by the trier of fact, not this Court. Id.

Here, Sayvone and Vongdaraxay both testified that they and the defendant were involved in the shooting at the Walker home. Sayvone testified he gave the defendant a .22 caliber gun to use in the shooting. Although Sayvone claimed to be too intoxicated at the time of the shooting to later remember whether he or the defendant fired the shots at the Walker home, Vongdaraxay testified that the defendant fired the shots. Sufficient evidence in the record corroborates this testimony. The defendant was stopped shortly after the shooting while driving a car that matched the description of the car at the scene of the shooting. As the defendant exited the car, .22 caliber bullets fell from him and several bullets were in the driver's area of the car. The defendant's hands were covered with gunshot residue, and the .22 caliber gun recovered from the defendant's car was identified as the gun involved in the shooting.

4

The defendant complains that there is no "independent corroborative evidence" that actually places the .22 caliber gun in the defendant's hands at the time of the shooting, but such evidence is not necessary. Evidence corroborating an accomplice's testimony need not be sufficient to support a conviction by itself. Henley v. State, 489 S.W.2d 53, 56 (Tenn. Crim. App. 1972). Rather, it is enough that the accomplice testimony is corroborated as to any fact that "tend[s] to connect the defendant with the commission of a crime." Clapp v. State, 94 Tenn. 186, 30 S.W. 214, 217 (1895). Here, the corroborative evidence sufficiently connects the defendant to the shooting at the Walker home. As such, the evidence is sufficient to support the defendant's conviction, and the defendant's challenge must fail.

The defendant also challenges his sentence. He argues that the imposed sentence of nine years incarceration, just one year short of the maximum Range II sentence for this offense, is excessive because the trial court erroneously refused to apply certain mitigation factors and thus did not appropriately weigh all pertinent considerations when sentencing the defendant. The evidence shows otherwise.

The defendant, a Range II multiple offender convicted of a Class C felony, faced a possible sentence of six to ten years. T.C.A. §§ 40-35-112(b)(3), 39-13-102(a)(1)(B). In sentencing the defendant, the trial court specifically applied several enhancing factors, including that the defendant has a history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, T.C.A. § 40-35-114(1); that the offense involved more than one victim, T.C.A. § 40-35-114(3); and that the defendant was a leader in the commission of the offense, T.C.A. § 40-35-114(2). The defendant offered several mitigation factors for the trial court to consider, including the following: that the defendant played a minor role in the offense, T.C.A. § 40-

5

35-113(4); that the offense was committed under such unusual circumstances that it is unlikely a sustained intent to violate the law motivated his conduct, T.C.A. § 40-35-113(11); that the defendant was highly intoxicated and did not know what was happening at the time of the offense; and that the defendant expressed remorse to the Walker family. Based upon the record evidence, however, the trial court rejected these mitigation factors and sentenced the defendant to nine years incarceration.[1]

When a defendant challenges his sentence, we must review the sentence de novo, with a presumption of correctness if the record affirmatively shows "that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing the sentence is improper is upon the defendant, as the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. The weight afforded to existing enhancing or mitigating factors is a matter of the trial court's discretion. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

Here, the record supports the imposed sentence. The defendant does not challenge and we will not reweigh the enhancing factors applied in this case. Moreover, we agree with the trial court that the mitigating factors presented to it were not applicable in this case. The testimony showing that the defendant was a leader in this offense and drove the car through a neighborhood while wielding a gun is inconsistent with defense counsel's notion that he played a minor role in the offense or did not have a sustained intent to violate the law. As a matter of credibility, the trial court rejected the defendant's assertion that he was so intoxicated he could not appreciate his actions because there

---

[1]The trial court ordered the nine-year sentence imposed in this case to run consecutively to a three-year sentence incarceration for a forgery conviction, an offense for which the defendant was arrested after he was arrested in the present case. The defendant does not challenge the consecutive nature of the sentence received.

was no suggestion of intoxication by the arresting police officers and because the defendant was not as oblivious to what was happening "if he was able to drive a vehicle." Further, because a sentencing court is not required to consider the defendant's remorse as a mitigation factor, it cannot be said that the trial court erred in failing to reduce the defendant's sentence because he expressed remorse. Considering all of this, a nine-year sentence is appropriate.

In sum, we find no merit to the defendant's challenges to his conviction and sentence. Accordingly, the judgment of the trial court is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
JERRY L. SMITH, Judge

7